IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-68,997-03




EX PARTE JACKIE KAY RIGDON, JR., Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W-23637-A-1 IN THE 47TH DISTRICT COURT
FROM RANDALL COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft and
sentenced to ten years’ imprisonment. He did not appeal his conviction.
            Applicant contends, among other things, that counsel failed to investigate his case and learn
that the value of the stolen property was less than $1,500. He also contends that the State violated
his due process rights by failing to disclose the value of the stolen property.
            On April 2, 2014, we remanded this application and directed the trial court to order counsel
to respond. We also directed the trial court to determine what the value of the stolen property was,
whether counsel’s conduct was deficient, whether Applicant would have insisted on a trial but for
counsel’s conduct, and whether the State failed to disclose exculpatory evidence. 
            On remand, the trial court concluded, among other things, that Applicant had not established
that he was prejudiced or that the State failed to disclose exculpatory evidence. We agree. The trial
court also concluded that Applicant’s sentence is void and the plea agreement is not enforceable
because the trial court did not have jurisdiction. It recommended that we grant relief and return the
parties to their pre-guilty plea positions. 
            We disagree. Applicant was charged by indictment with a state jail felony. Tex. Pen. Code
31.03(e)(4)(A). The presentment of an indictment invests a court with jurisdiction. Tex. Const.,
Art. 5, § 12(b). That the value of the stolen property in Applicant’s case was in fact less than $1,500
did not deprive the trial court of jurisdiction. Nor is Applicant’s sentence void. His punishment
range, with the punishment enhancements, was two to twenty years. Tex. Pen. Code §§ 12.35,
12.425(b). Relief is denied.
Filed: June 11, 2014
Do not publish